**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> AMBASSADORS INTERNATIONAL, INC., <br><br>                  Debtor. <br><br> Tax I.D. No. 91-1688605 | Chapter 11 <br><br> Case No. 11-_____ (___) |
| In re: <br><br> AMBASSADORS, LLC, <br><br>                  Debtor. <br><br> Tax I.D. No. 33-1020860 | Chapter 11 <br><br> Case No. 11-_____ (___) |
| In re: <br><br> AMBASSADORS CRUISE GROUP, LLC, <br><br>                  Debtor. <br><br> Tax I.D. No. 20-3982448 | Chapter 11 <br><br> Case No. 11-_____ (___) |
| In re: <br><br> EN BOAT LLC, <br><br>                  Debtor. <br><br> Tax I.D. No. 93-1328982 | Chapter 11 <br><br> Case No. 11-_____ (___) |
| In re: <br><br> AQ BOAT, LLC, <br><br>                  Debtor. <br><br> Tax I.D. No. 20-4665018 | Chapter 11 <br><br> Case No. 11-_____ (___) |

| | |
|---|---|
| In re: | Chapter 11 |
| MQ BOAT, LLC, | Case No. 11-_____ (___) |
| Debtor. | |
| Tax I.D. No. 20-4665095 | |

| | |
|---|---|
| In re: | Chapter 11 |
| DQ BOAT, LLC, | Case No. 11-_____ (___) |
| Debtor. | |
| Tax I.D. No. 20-4665064 | |

| | |
|---|---|
| In re: | Chapter 11 |
| QW BOAT COMPANY LLC, | Case No. 11-_____ (___) |
| Debtor. | |
| Tax I.D. No. 93-1270658 | |

| | |
|---|---|
| In re: | Chapter 11 |
| CONTESSA BOAT, LLC, | Case No. 11-_____ (___) |
| Debtor. | |
| Tax I.D. No. 20-8149452 | |

| | |
|---|---|
| In re: | Chapter 11 |
| CQ BOAT, LLC | Case No. 11-_____ (___) |
| Debtor. | |
| Tax I.D. No. 20-8149511 | |

| | |
|---|---|
| In re:<br><br>AMERICAN WEST STEAMBOAT COMPANY, LLC,<br><br>                    Debtor.<br><br>Tax I.D. No. 93-1270656 | Chapter 11<br><br>Case No. 11-_____ (___) |
| In re:<br><br>AMBASSADORS INTERNATIONAL CRUISE GROUP (USA), LLC,<br><br>                    Debtor.<br><br>Tax I.D. No. 20-8737304 | Chapter 11<br><br>Case No. 11-_____ (___) |

**MOTION OF THE DEBTORS FOR AN ORDER DIRECTING
JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES**

The above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court (the "Motion") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only. The facts and circumstances supporting this Motion are set forth in the concurrently filed Declaration of Mark Detillion, Chief Financial Officer of Ambassadors International, Inc., in Support of First Day Motions (the "Detillion Declaration"). In further support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are continuing in the possession of their assets and the management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. The Debtors have requested that these Chapter 11 Cases be consolidated for procedural purposes. As of the date hereof, no official committee of unsecured creditors has been appointed.

5. A description of the Debtors' business operations, capital structure, the events leading up to the commencement of the Chapter 11 Cases and the facts and circumstances supporting the relief requested herein is set forth in the Detillion Declaration filed contemporaneously herewith and which is incorporated herein by reference.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek the entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1, directing the joint administration of these Chapter 11 Cases and consolidation thereof for procedural purposes only.

7. The Debtors request that the Clerk of the Court maintain one case file and one docket for all of the Debtors' Chapter 11 Cases, under the case number assigned to Ambassadors International, Inc. and that the Chapter 11 Cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMBASSADORS INTERNATIONAL, INC., et al.,[1] | Case No. 11-_____ (___) |
| Debtors. | (Jointly Administered) |

8. The Debtors also request that the Court direct the Clerk of the Court to make a separate docket entry, substantially similar to the following, on the docket of each of the Debtors other than Ambassadors International, Inc. to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Ambassadors International, Inc., Ambassadors, LLC, Ambassadors Cruise Group, LLC, EN Boat LLC, AQ Boat, LLC, MQ Boat, LLC, DQ Boat, LLC, QW Boat Company LLC, Contessa Boat, LLC, CQ Boat, LLC, American West Steamboat Company, LLC, and Ambassadors International Cruise Group (USA), LLC. The docket in the chapter 11 case of Ambassadors International, Inc., Case No. 11-_____ (___) should be consulted for all matters affecting this case.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ambassadors International, Inc. (8605); Ambassadors Cruise Group, LLC (2448); Ambassadors, LLC (0860); EN Boat LLC (8982); AQ Boat, LLC (5018); MQ Boat, LLC (5095); DQ Boat, LLC (5064); QW Boat Company LLC (0658); Contessa Boat, LLC (9452); CQ Boat, LLC (9511); American West Steamboat Company LLC (0656); and Ambassadors International Cruise Group (USA), LLC (7304). The mailing address for each Debtor is 2101 4th Avenue, Suite 210, Seattle, WA 98121.

## BASIS FOR RELIEF

9. Joint administration of these Chapter 11 Cases will promote efficiency and ease administration for the Debtors, their creditors, other parties-in-interest, and the Court and will not harm the substantive rights of any party in interest. Pursuant to Bankruptcy Rule 1015(b), if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when "the joint administration of two or more cases pending in this Court . . . is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1. Furthermore, section 105(a) of the Bankruptcy Code provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief the Debtors are requesting herein.

10. The Debtors consist of twelve affiliated entities and there may be thousands of creditors and other parties-in-interest combined in the Chapter 11 Cases. As set forth in the Detillion Declaration, the Debtors operate as an integrated business with common ownership and control. The Debtors also share a number of financial and operational systems. As a result, many of the motions, hearings and orders that will arise in these cases will affect each and every Debtor. Joint administration of these Chapter 11 Cases will therefore reduce fees and costs by avoiding duplicative filings, objections, and hearings and the Debtors will also likely realize substantial cost savings and reduced administrative burdens by maintaining a single

Bankruptcy Rule 2002 list and a single matrix of creditors to whom the Debtors will send notices, rather than maintaining twelve separate notice lists.

11. Joint administration of the Chapter 11 Cases will also permit the Clerk of the Court to utilize a single docket for all of the cases, creating a centralized location for the numerous documents that are likely to be filed and served in these cases by the Debtors, creditors, and parties-in-interest, and for all notices and orders the Court enters. It will therefore help reduce the volume of paper that would otherwise be filed with the Clerk of Court, render the completion of various administrative tasks less costly, and minimize the number of unnecessary delays. A single docket will also make it easier for parties-in-interest in each of the Chapter 11 Cases to stay apprised of the various matters before the Court and will simplify the Office of the United States Trustee's supervision of the administrative aspects of these Chapter 11 Cases.

12. The Debtors submit that joint administration of these Chapter 11 Cases will not prejudice or adversely affect the rights of any of the Debtors' creditors. The relief sought herein is purely procedural and is not intended to affect substantive rights. For example, any creditor may still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates). Parties-in-interest will therefore not be harmed by, but will benefit from, the relief requested herein.

13. The entry of joint administration orders in related chapter 11 cases such as these is common in this District and elsewhere. See, e.g., In re Ultimate Escapes Holdings, LLC, No. 10-12915 (BLS) (Bankr. D. Del. Sept. 22, 2010) (order directing joint administration of related chapter 11 cases); In re Claim Jumper Restaurants, LLC, No. 10-12819 (KG) (Bankr. D. Del. Sept. 13, 2010) (same); In re R.H. Donnelley Corp., No. 09-11833 (KG) (Bankr. D. Del. May 28, 2009) (same); In re Pliant Corp., No. 09-10443 (MFW) (Bankr. D. Del. Feb. 12, 2009)

(same); In re Smurfit-Stone Container Corp., No. 09-10235 (BLS) (Bankr. D. Del. Jan. 27, 2009) (same).

14. For these reasons, the Debtors submit that the relief requested in this Motion is in the best interest of the Debtors and their estates, will reduce the administrative burdens on the Court and all parties-in-interest, and should therefore be granted.

## NOTICE

15. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (vi) counsel to the administrative agent for the Debtors' prepetition lenders; (vii) counsel to the administrative agent for the proposed post-petition lenders; (viii) counsel to the indenture trustee for the Debtors' prepetition secured noteholders; and (ix) indenture trustee for the Debtors' prepetition unsecured noteholders. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as Exhibit A, (i) directing the joint administration of the Debtors' Chapter 11 Cases and the consolidation thereof for procedural purposes only and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
April 1, 2011

Respectfully submitted,

RICHARDS, LAYTON & FINGER, P.A.

/s/ Daniel J. DeFranceschi
Daniel J. DeFranceschi (No. 2732)
Michael J. Merchant (No. 3854)
L. Katherine Good (No. 5101)
Amanda R. Steele (No. 5530)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

STROOCK & STROOCK & LAVAN LLP
Kristopher M. Hansen
Sayan Bhattacharyya
Marianne Mortimer
Matthew G. Garofalo
180 Maiden Lane
New York, New York 10038-4982
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

Proposed Counsel to the
Debtors and Debtors-in-Possession