UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMBASSADORS INTERNATIONAL, INC., et al.,[1] | Case No. 11-11002 (KG) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 4 |

INTERIM ORDER (I) PROHIBITING
UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING
UTILITY SERVICES, (II) DEEMING UTILITY PROVIDERS ADEQUATELY
ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING
PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon consideration of the Motion[2] of the above-captioned Debtors for entry of (i) an Interim Order and (ii) a Final Order (a) prohibiting Utility Providers from altering, refusing, or discontinuing services to the Debtors, except as set forth herein; (b) deeming the Utility Providers adequately assured of future performance; and (c) establishing procedures for resolving requests for additional adequate assurance of future payment and authorizing the Debtors to provide adequate assurance of future payment to the Utility Providers; and upon consideration of the Motion and all pleadings related thereto, including the Detillion Declaration; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ambassadors International, Inc. (8605); Ambassadors Cruise Group, LLC (2448); Ambassadors, LLC (0860); EN Boat LLC (8982); AQ Boat, LLC (5018); MQ Boat, LLC (5095); DQ Boat, LLC (5064); QW Boat Company LLC (0658); Contessa Boat, LLC (9452); CQ Boat, LLC (9511); American West Steamboat Company LLC (0656); and Ambassadors International Cruise Group (USA), LLC (7304). The mailing address for each Debtor is 2101 4th Avenue, Suite 210, Seattle, WA 98121.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

interests of the Debtors, their estates, and their creditors; and after due deliberation thereon, and good and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is granted on an interim basis; and it is further

ORDERED, that the Debtors are authorized, but not directed, to pay on a timely basis and in accordance with their prepetition practices, all undisputed invoices for postpetition Utility Services provided by the Utility Providers; and it is further

ORDERED, that the Debtors shall, on or before twenty (20) days after the Petition Date, provide each Utility Provider with a sum equal to fifty percent (50%) of the Debtors' estimated average monthly cost of Utility Services for such Utility Provider (collectively, the "Utility Deposits"), pending further order of the Court, for the purpose of providing each Utility Provider adequate assurance of payment of its postpetition Utility Services to the Debtors. The Utility Deposits may be held by the Utility Providers until (i) the termination of Utility Services by the Debtors; or (ii) upon any agreement between the Debtors and the applicable Utility Provider providing for the release of such Utility Deposits; and it is further

ORDERED, that pending the final hearing on the Motion, all Utility Providers are prohibited from altering, refusing or discontinuing Utility Services to, or discriminating against, the Debtors on account of the commencement of these Chapter 11 Cases or any unpaid prepaid charges; and it is further

ORDERED, that the Debtors shall serve a copy of the Motion, together with the proposed final utility order, which includes the proposed procedures, on each Utility Provider within three (3) business days after entry of this Order by the Court; and it is further

ORDERED, that if a Utility Provider is not satisfied with the Utility Deposit provided by the Debtors, the Utility Provider shall serve a request for additional adequate

assurance (the "Additional Assurance Request") so that it is received by the Debtors at the following addresses: (i) Ambassadors International, Inc., 2101 4th Avenue, Suite 210, Seattle, WA 98121, Attn: Mark Detillion and Brad Tuffendsam and (ii) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Sayan Bhattacharyya, Esq.; and it is further

ORDERED, that any Additional Assurance Request shall (i) be in writing; (ii) set forth the location(s) for which Utility Services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, and (iv) set forth why the Utility Provider believes that the Proposed Adequate Assurance is not sufficient additional adequate assurance of future payment; and it is further

ORDERED, that without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider serving an Additional Assurance Request, if the Debtors, in their discretion, determine that the Additional Assurance Request is reasonable; and it is further

ORDERED, that if the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider, the Debtors will request a hearing before this Court within a reasonable time after receipt of the Additional Assurance Request to determine the adequacy of assurance of payment with respect to a particular Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code, without prejudice to the right of any Utility Provider to seek relief separately under section 366(c)(3) of the Bankruptcy Code (any hearing requested by the Debtors or a Utility Provider, the "Determination Hearing"); and it is further

ORDERED, that pending resolution of such dispute at the Determination Hearing, the relevant Utility Provider shall be restrained from altering, refusing, or discontinuing service

to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance; and it is further

ORDERED, that without prejudice to the rights of any party-in-interest (including Utility Providers) pursuant to section 366(c)(3) of the Bankruptcy Code, the Utility Deposits shall be deemed adequate assurance of payment for any Utility Provider that fails to make an Additional Assurance Request; and it is further

ORDERED, that any Utility Provider that fails to make a Request shall be deemed to be satisfied that the Utility Deposit provides adequate assurance of payment to such Utility Provider within the meaning of section 366 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors may supplement the list of Utility Providers on Exhibit C at any time. Any subsequently identified Utility Provider set forth on a supplemental exhibit will fall within the scope of this Order from the date of the filing of the supplemental exhibit. Any Utility Provider included on a supplemental exhibit shall be served with notice and a copy of this Order within five (5) business days after the supplemental exhibit is filed with the Court. Any Request made by such Utility Provider must comply with the requirements of this Order.

ORDERED, that nothing in this Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Provider as provided by sections 362 and 366 of the Bankruptcy Code or other applicable law, and nothing herein or in the Motion shall constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code, nor shall anything herein be deemed a waiver by the Debtors or any other party of any right with respect to the assumption or rejection of an executory contract; and it is further

ORDERED, that a final hearing, if required, on the Motion will be held on April 26, 2011, at 12:00 pm (Eastern Time). The deadline by which any objection to the Motion must be filed and served on counsel to the Debtors (Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Sayan Bhattacharyya, Esq.) is April 20, 2011, at 4:00 PM (Eastern Time). The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order. If no objections are filed to the Motion, this Court may enter a Final Order on the Motion without further notice or hearing; and it is further

ORDERED, that notwithstanding anything to the contrary in this Order, any payment to be made under this Order and any authorization contained herein shall be subject to the requirements imposed on the Debtors under any order of this Court approving the Debtors' debtor-in-possession financing facility and use of cash collateral and any budget in connection therewith; and it is further

ORDERED, that the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

Dated: April 5, 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE