ORIGINAL

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMBASSADORS INTERNATIONAL, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-11002 (KG)<br><br>Jointly Administered<br><br>Re: Docket No. 5 |

### ORDER AUTHORIZING THE DEBTORS TO (I) CONTINUE PREPETITION INSURANCE POLICIES, (II) PAY INSTALLMENTS UNDER PREPETITION INSURANCE PREMIUM FINANCE AGREEMENT AND (III) PAY ALL PREPETITION OBLIGATIONS IN RESPECT THEREOF

Upon the Motion[2] of the above-captioned Debtors for entry of an order pursuant to sections 105(a), 363, 364, 1107(a), and 1108 of the Bankruptcy Code authorizing the Debtors to (i) continue their prepetition insurance policies, (ii) pay, in the Debtors' discretion, all post-petition installment payments under their prepetition insurance Premium Finance Agreement as they come due, and (iii) pay all prepetition obligations in respect thereof; and upon consideration of the Motion and all pleadings related thereto, including the Detillion Declaration; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties-in-interest; and it appearing that the requirements set forth in Rule 6003(b) of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ambassadors International, Inc. (8605); Ambassadors Cruise Group, LLC (2448); Ambassadors, LLC (0860); EN Boat LLC (8982); AQ Boat, LLC (5018); MQ Boat, LLC (5095); DQ Boat, LLC (5064); QW Boat Company LLC (0658); Contessa Boat, LLC (9452); CQ Boat, LLC (9511); American West Steamboat Company LLC (0656); and Ambassadors International Cruise Group (USA), LLC (7304). The mailing address for each Debtor is 2101 4th Avenue, Suite 210, Seattle, WA 98121.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

Bankruptcy Rules are satisfied by the contents of the Motion; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Debtors are authorized, in their discretion, to make any prepetition premium payments as necessary and to perform any other prepetition obligations that may be necessary to maintain the Policies (excluding the Financed Polices) up to $25,000; and it is further

ORDERED, that the Debtors are authorized, in their discretion, to honor the terms of their Policies and the Premium Finance Agreement, including the payment of prepetition amounts outstanding up to $151,000 under the Premium Finance Agreement; and it is further

ORDERED, that nothing in the Motion or this Order, or the Debtors' payment of premium installment payments pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim; or (c) an approval or assumption of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED, that notwithstanding anything to the contrary in this Order, any payment to be made under this Order and any authorization contained herein shall be subject to the requirements imposed on the Debtors under any order of this Court approving the Debtors' debtor-in-possession financing facility and use of cash collateral and any budget in connection therewith; and it is further

ORDERED, that the Debtors' banks and financial institutions are authorized and directed to process and honor all checks and transfers issued for payments approved by this

Order and/or reissue checks for any payments approved by this Order where checks may be dishonored postpetition; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:    Wilmington, Delaware
           April 5, 2011

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE