UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMBASSADORS INTERNATIONAL, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-11002 (KG)<br><br>Jointly Administered<br><br>Re: Docket No. 6 |

**ORDER AUTHORIZING (A) PAYMENT OF PREPETITION EMPLOYEE WAGES, SALARIES, AND OTHER COMPENSATION; (B) PAYMENT OF PREPETITION COMPENSATION OWED TO CREWMEMBERS; (C) CONTINUE TO IMPLEMENT AND MAKE PAYMENTS UNDER THE BONUS PLANS; (C) REIMBURSEMENT OF PREPETITION EMPLOYEE BUSINESS EXPENSES; (D) PAYMENTS FOR WHICH PREPETITION PAYROLL AND TAX DEDUCTIONS WERE MADE; (E) CONTRIBUTIONS TO PREPETITION EMPLOYEE BENEFIT PROGRAMS AND CONTINUATION OF SUCH PROGRAMS IN THE ORDINARY COURSE; (F) PAYMENT OF WORKERS' COMPENSATION OBLIGATIONS; AND (G) PAYMENT TO THIRD PARTIES OF ALL COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS; AND (II) AUTHORIZING AND DIRECTING APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR AND PAY ALL CHECKS AND TRANSFERS DRAWN ON THE DEBTORS' PAYROLL ACCOUNTS TO MAKE THE FOREGOING PAYMENTS**

Upon the Motion[2] of the above-captioned Debtors for entry of an order: (i) authorizing, but not directing, the Debtors, in accordance with their stated policies, to: (a) pay all prepetition wages, salaries, and other compensation owed to the Debtors' Employees; (b) pay all prepetition compensation owed to the Debtors' Crewmembers; (c) continue to implement and make payments under the Bonus Plans; (d) reimburse all prepetition business expenses to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ambassadors International, Inc. (8605); Ambassadors Cruise Group, LLC (2448); Ambassadors, LLC (0860); EN Boat LLC (8982); AQ Boat, LLC (5018); MQ Boat, LLC (5095); DQ Boat, LLC (5064); QW Boat Company LLC (0658); Contessa Boat, LLC (9452); CQ Boat, LLC (9511); American West Steamboat Company LLC (0656); and Ambassadors International Cruise Group (USA), LLC (7304). The mailing address for each Debtor is 2101 4th Avenue, Suite 210, Seattle, WA 98121.

[2] Capitalized terms used but not otherwise defined herein have the meanings assigned to such terms in the Motion.

Employees; (e) make all payments for which prepetition payroll and tax deductions were made; (f) honor prepetition obligations under certain employee benefit programs and continue such programs in the ordinary course; (g) honor workers' compensation obligations; and (h) make all payments to third parties relating to the foregoing payments and contributions; and (ii) authorizing and directing applicable banks and other financial institutions to honor and pay all checks and transfers drawn on the Debtors' payroll accounts to make the foregoing payments; and upon consideration of the Motion and all pleadings related thereto, including the Detillion Declaration; and due and proper notice of this Motion having been given; and it appearing that no other or further notice is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the requirements of Bankruptcy Rule 6003 have been satisfied by the contents of the Motion; and it appearing that the relief requested is in the best interest of the Debtors, their estates, and creditors and after due deliberation, and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that subject to the requirements of Bankruptcy Code section 507(a)(4) and (a)(5), the Debtors are authorized, but not directed, to continue to honor and pay in the ordinary course all prepetition amounts relating to (i) Unpaid Wages up to $30,000, provided that, without further order of this Court, such payments to any individual Employee shall not exceed $11,725 in the aggregate, (ii) Payroll Processing Services, (iii) Crewmember Compensation up to $80,000, (iv) Agency Fees up to $55,000, (v) Bonus Plans up to $20,000, provided that, without further order of this Court, such payments to any individual Employee

shall not exceed $11,725 in the aggregate (including, when combined with Unpaid Wages paid to such Employee under this Order), (vi) Reimbursable Expenses up to $15,000 (vii) Payroll Taxes, (viii) Deductions, (ix) Specified Employee Benefits, (x) the Workers' Compensation Program; and (xi) Prepetition Processing Costs; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to pay the Wages and Payroll Processing Services in the ordinary course and in accordance with their prepetition practices and policies; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to pay Crewmember Compensation and Agency Fees in accordance with their prepetition practices and policies; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue the Bonus Plans in accordance with their prepetition practices and policies; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to pay all Reimbursable Expenses in accordance with their prepetition practices and policies; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to allocate and distribute all Payroll Taxes and Deductions in accordance with the Debtors' policies and prepetition practices; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to provide and pay for the Specified Employee Benefits in accordance with their prepetition policies and practices, and applicable law; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue the Workers' Compensation Programs; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to make all payments to third parties incident to payment of the Employee Wages and Benefits; and it is further

ORDERED, that (i) the Debtors' banks are authorized and directed to honor prepetition payroll and transfers on or after the Petition Date and, to the extent the bank may have honored any prepetition payroll checks prior to the Petition Date, such honoring is ratified, and (ii) the Debtors' banks and financial institutions are authorized and directed to process and honor all other checks and transfers issued for payments approved by this Order and/or reissue checks for any payments approved by this Order where checks may be dishonored postpetition; and it is further

ORDERED, that notwithstanding anything to the contrary in this Order, any payment to be made under this Order and any authorization contained herein shall be subject to the requirements imposed on the Debtors under any order of this Court approving the Debtors' debtor-in-possession financing facility and use of cash collateral and any budget in connection therewith; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that nothing in the Motion or this Order shall be deemed to violate or permit a violation of section 503(c) of the Bankruptcy Code.

ORDERED, that (i) the fourteen-day stay under Fed. R. Bankr. P. 6004(h) is hereby waived with respect to this Order and (ii) the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
April 5, 2011

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE