ORIGINAL

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMBASSADORS INTERNATIONAL, INC., et al.,[1] | Case No. 11-11002 (KG) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 7 |

### ORDER (I) APPROVING CASH MANAGEMENT SYSTEM, (II) AUTHORIZING USE OF PREPETITION BANK ACCOUNTS AND BUSINESS FORMS, (III) WAIVING THE REQUIREMENTS OF § 11 U.S.C. § 345(B) ON AN INTERIM BASIS, AND (IV) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS

Upon the Motion[2] of the above-captioned Debtors for entry of an order (i) authorizing and approving the Debtors' continued use of their existing Cash Management System, (ii) authorizing the Debtors to continue using prepetition bank accounts and business forms, (iii) waiving the requirements of section 345(b) on an interim basis; and (iv) granting administrative expense status to postpetition intercompany claims between and among the Debtors; and upon consideration of the Motion and all pleadings related thereto, including the Detillion Declaration; and the Court finding that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finding that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ambassadors International, Inc. (8605); Ambassadors Cruise Group, LLC (2448); Ambassadors, LLC (0860); EN Boat LLC (8982); AQ Boat, LLC (5018); MQ Boat, LLC (5095); DQ Boat, LLC (5064); QW Boat Company LLC (0658); Contessa Boat, LLC (9452); CQ Boat, LLC (9511); American West Steamboat Company LLC (0656); and Ambassadors International Cruise Group (USA), LLC (7304). The mailing address for each Debtor is 2101 4th Avenue, Suite 210, Seattle, WA 98121.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

Court finding that and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Debtors are authorized, in the reasonable exercise of their business judgment, to (i) designate, maintain and continue to use, with the same account numbers, all of their bank accounts in existence on the Petition Date, including, without limitation, those bank accounts identified in Exhibit B to the Motion, (ii) use, in their present form, checks and other documents related to their bank accounts, and (iii) treat such accounts for all purposes as accounts of the Debtors as debtors-in-possession; and it is further

ORDERED, that each Debtor is authorized to continue to use its existing business and correspondence forms and checks without alteration and without designation "Debtor-in-Possession" imprinted upon them until their existing stock is depleted; and it is further

ORDERED, that the Cash Management Banks are hereby authorized to continue to service and administer all such accounts as accounts of the relevant Debtor as debtor-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn on, or electronic transfer requests made on, said account after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that any checks drawn or issued by the Debtors before the Petition Date may be honored by any bank only if specifically authorized by order of this Court; and it is further

ORDERED, that notwithstanding any other provision of this Order, no Cash Management Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as the result of a good faith

error made despite implementation of reasonable item handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order; and it is further

ORDERED, that the Cash Management Banks are authorized to accept and honor all representations from the Debtors as to which checks or other items drawn on any account that is the subject of this Order should be honored or dishonored consistent with any order(s) of this Court, whether the checks or other items are dated prior to, on, or subsequent to the Petition Date, and whether or not the Cash Management Bank believes the payment is or is not authorized by an order(s) of the Court; and it is further

ORDERED, that with regard to Cash Management Banks that are party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware the Debtors shall (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers, and (c) identify each of their accounts held at such banks as being held by a debtor-in-possession, within fifteen (15) days from the date of entry of this Order; and it is further

ORDERED, that with regard to Cash Management Banks that are not a party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, the Debtors shall use their good-faith efforts to cause the bank to execute Uniform Depository Agreement in a form prescribed by the Office of the United States Trustee within forty-five (45) date of the date of entry of this Order; and it is further

ORDERED, that the Debtors are authorized, in their discretion, to pay all undisputed prepetition amounts outstanding as of the Petition Date, if any, owed to the Cash Management Banks as service charges for the maintenance of the Cash Management System, including processing charges related to any credit or debit card transactions; and it is further

ORDERED, that except for those checks that may be honored and paid to comply with any order(s) of this Court authorizing payment of certain prepetition claims, no checks or drafts issued on the bank accounts before the Petition Date but presented for payment after the Petition Date shall be honored or paid; and it is further

ORDERED, that nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any bank accounts as they may deem necessary and appropriate; provided that the Debtors provide advanced notice to the U.S. Trustee and any committees appointed in the Chapter 11 Cases of their intent to open or close any bank accounts; and it is further

ORDERED, that the Debtors are authorized to make disbursements from the bank accounts other than by check, to the extent consistent with the Debtors' existing cash management practices; and it is further

ORDERED, that effective <u>nunc pro tunc</u> to the Petition Date, the Cash Management Banks shall be and hereby are authorized and directed to receive, process, honor and pay any and all prepetition checks and electronic transfers authorized for payment by the Court and any and all postpetition checks and electronic transfers; and it is further

ORDERED, that the Debtors are authorized to deposit funds in accordance with their established deposit practices in effect as of the commencement of these cases and, to the extent such deposit practices are not consistent with the requirements of section 345(b) of the Bankruptcy Code or of the U.S. Trustee Operating Guidelines for Chapter 11 Cases, such requirements are waived for forty-five (45) days, on an interim basis only, without prejudice to the Debtors' right to seek a further interim waiver. If the Debtors determine that they are unable to comply with the requirements of section 345 of the Bankruptcy Code within the forty-five

(45) day period, the Debtors shall file a motion seeking authority to deviate from such requirements; and it is further

ORDERED, that the Debtors are authorized to continue utilizing their Cash Management System to manage their cash, to pay intercompany payables, if any, to extend intercompany credit, if necessary, and to continue all other Intercompany Transactions between and among the Debtors in a manner consistent with the Debtors' prepetition practices; and it is further

ORDERED, that Intercompany Claims created subsequent to the Petition Date through Intercompany Transactions generated between and among the Debtors are hereby granted administrative priority status pursuant to 11 U.S.C. § 507(a)(2) and the Debtors shall continue to maintain records related to the Intercompany Balances so that transactions can be ascertained, traced, and accounted for on applicable Intercompany accounts; and it is further

ORDERED, that (i) the fourteen (14) day stay under Fed. R. Bankr. P. 6004(h) is hereby waived with respect to this Order and (ii) the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: April 5, 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE