UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMBASSADORS INTERNATIONAL, INC., et al.,[1] | Case No. 11-11002 (KG) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 9 |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF PHASE ELEVEN CONSULTANTS, LLC, AS NOTICE, CLAIMS
AND BALLOTING AGENT TO THE DEBTORS**

This matter having come before the Court upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), requesting entry of an order pursuant to 28 U.S.C. § 156(c), Rule 2002(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), approving the Debtors' retention of Phase Eleven Consultants, LLC ("PEC") as the official notice, claims and balloting agent in these Chapter 11 Cases; and upon the Declaration of Claude Wm. Irmis, a copy of which is attached to the Application as Exhibit A; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ambassadors International, Inc. (8605); Ambassadors Cruise Group, LLC (2448); Ambassadors, LLC (0860); EN Boat LLC (8982); AQ Boat, LLC (5018); MQ Boat, LLC (5095); DQ Boat, LLC (5064); QW Boat Company LLC (0658); Contessa Boat, LLC (9452); CQ Boat, LLC (9511); American West Steamboat Company LLC (0656); and Ambassadors International Cruise Group (USA), LLC (7304). The mailing address for each Debtor is 2101 4th Avenue, Suite 210, Seattle, WA 98121.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Application.

being satisfied that PEC is a "disinterested person" as such term is defined under section 101 (14) of the Bankruptcy Code; and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors and all other parties-in-interest; and it appearing that no other or further notice need be provided; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED and DECREED that:

1. The Application is granted.

2. PEC is appointed, effective as of the Petition Date, as the official notice, claims and balloting agent in these Chapter 11 Cases, pursuant to 28 U.S.C. § 156(c), as supplemented by Bankruptcy Rule 2002(f) and is authorized to perform the services set forth in the Application on the terms and conditions of the Engagement Agreement, attached to the Application as Exhibit B, except as hereinafter provided.

3. PEC shall comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

4. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of PEC incurred pursuant to the Engagement Agreement are to be treated as administrative expenses of the Debtors' chapter 11 estates, and shall be paid by the Debtors in the ordinary course of business after the submission of an invoice with copies to the U.S. Trustee and any committees appointed in the Chapter 11 Cases in reasonable detail describing the basis for the fees and expenses requested to be paid thereto, unless PEC is advised that the Debtors object to the invoice. In such case, the Debtors either will consensually resolve the objection or

promptly schedule a hearing before the Court to consider the disputed invoice. The Debtors will remit to PEC only the undisputed portion of the invoice and, if applicable, will pay the remainder to PEC upon resolution of the disputed portion, as mandated by this Court or otherwise resolved consensually.

5. If PEC is unable to provide the services set forth in the Engagement Agreement, PEC will immediately notify the Clerk's Office, the Debtors and Debtors' counsel and cause all original proofs of claim and computer information turned over to another claims agent with the advice and consent of the Clerk, the Debtors and Debtors' counsel.

6. Notwithstanding anything to the contrary in the Engagement Agreement, PEC will not cease providing claims processing services during the Chapter 11 Cases for any reason without prior order of this Court authorizing PEC to do so; **provided, however,** that PEC or the Debtors may seek such an order on expedited notice by filing a request with the Court with notice of such request to be served on the Debtors, the U.S. Trustee and the Committee by facsimile or overnight delivery; provided further, that except as expressly provided herein, the Debtors and PEC may otherwise terminate or suspend any other services provided by PEC under the Engagement Agreement pursuant to the terms set forth therein.

7. Notwithstanding anything contained in the Engagement Agreement, section 8 of the Engagement Agreement is hereby stricken.

8. The indemnification obligations of the Debtors set forth in the Engagement Agreement is approved, subject during the pendency of these Chapter 11 Cases to the following:

   a. PEC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

b. The Debtors shall have no obligation to indemnify PEC, or provide contribution or reimbursement to PEC, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from PEC's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of PEC's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to PEC's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which PEC should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order;

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, PEC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, PEC must file an application therefore in this Court, and the Debtors may not pay any such amounts to PEC before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by PEC for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify PEC. All parties in interest shall retain the right to object to any demand by PEC for indemnification, contribution or reimbursement; and

d. Any limitation of liability or limitation on any amounts to be contributed by the parties to the Engagement Agreement shall be eliminated.

9. The Debtors and PEC are hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

10. The Court shall retain jurisdiction over any matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
April **5**, 2011

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE