IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMBASSADORS INTERNATIONAL., INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-11002 (KG)<br><br>(Jointly Administered)<br><br>Objection Deadline: April 14, 2011 at 5:00 p.m. (requested)<br>Hearing Date: April 15, 2011 at 12:00 noon. (requested)<br><br>**Related Docket No. 17** |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER ADJOURNING THE HEARING ON THE DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING BIDDING PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

The Official Committee of Unsecured Creditors (the "Committee") of Ambassadors International, Inc., et al. (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby moves this Court (the "Motion") on an expedited basis for an order adjourning the hearing on the Bidding Procedures[2] (the "Bidding Procedures Hearing") proposed in the Debtors' motion for entry of orders (i) approving bidding procedures for the sale of certain of the Debtors' assets free and clear of all liens, claims and encumbrances; (ii) approving the form and manner of notice of the sale and assumption and assignment of executory contracts and unexpired leases; (iii) scheduling an auction and sale hearing; (iv)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ambassadors International, Inc. (8605); Ambassadors Cruise Group, LLC (2448); Ambassadors, LLC (0860); EN Boat LLC (8982); AQ Boat, LLC (5018); MQ Boat, LLC (5095); DQ Boat, LLC (5064); QW Boat Company LLC (0658); Contessa Boat, LLC (9452); CQ Boat, LLC (9511); American West Steamboat Company LLC (0656); and Ambassadors International Cruise Group (USA), LLC (7304). The mailing address for each Debtor is 2101 4th Avenue, Suite 210, Seattle, WA 98121.

approving such sale; and (v) dismissing the chapter 11 bankruptcy case of Ambassadors International Cruise Group (USA), LLC (the "Sale Motion") (Docket No. 17), from April 15, 2011 at 12:00 p.m. until April 26, 2011 at 2:00 p.m., which is the date the Court will hold a final hearing on the Debtors' motion to approve postpetition financing and use cash collateral. The Committee also requests a corresponding extension of the deadline to file an objection to the Bidding Procedures until April 19, 2011 at 4:00 p.m. In support of the Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Committee was formed two days ago on April 11. The Bidding Procedures Hearing — which will address key issues and procedures regarding the Debtors' proposed sale of their assets to Whippoorwill Associates, Inc. ("Whippoorwill"), an insider, at breakneck speed — is one of the most critical hearings that may occur in the Debtors' chapter 11 cases. The Committee, as an estate fiduciary, must have a reasonable amount of time to evaluate the Bidding Procedures to ensure that they are fair, offer a meaningful opportunity to market the Debtors' assets, maximize the Debtors' value, and do not simply rubber stamp Whippoorwill's loan-to-own strategy to acquire the Debtors.

2. As reflected in the Committee's preliminary objection to the Bidding Procedures filed simultaneously herewith, there are numerous problems with the Bidding Procedures and proposed sale that the Committee must address, including, among other things: (i) the apparent failure to market adequately the Debtors' assets to non-insiders prepetition, (ii) the failure to provide for a meaningful postpetition sales process, including a reasonable opportunity for outside bidders to conduct due diligence necessary to level the playing field

---

[2] Capitalized terms used but not defined herein will have the meanings ascribed to them in the Sale Motion. (Docket No. 17)

against Whippoorwill's insider bid, (iii) the adequacy of the proposed purchase price, which is substantially less than Whippoorwill paid to acquire the assets in 2007 and appears to be significantly less than the value ascribed to the assets in the Debtors' own appraisals, and (iv) the authorization for Whippoorwill to credit bid debt the Committee has had no opportunity to investigate or challenge.

3. The Debtors have sufficient liquidity under the Budget to adjourn the Bidding Procedures Hearing until April 26, 2011. The Committee is fully aware that Whippoorwill may declare an event of default under the DIP Facility if the Bidding Procedures are not approved by April 16, 2011. Whippoorwill should not, however, be allowed to use milestones under its DIP facility to strangle these cases from the outset and manipulate the chapter 11 process for its own benefit. Moreover, Whippoorwill's proposed sale offers no value to the Debtors' unsecured creditors, who will do no worse (and may, in fact, do better) in chapter 7 than they will under Whippoorwill's proposed schedule.

4. In short, if Whippoorwill wants to use the benefits of chapter 11 to pursue a sale transaction, it must allow the Committee a reasonable opportunity to fulfill its statutory mandate. That mandate requires, at the very least, a brief adjournment of the Bidding Procedures Hearing to allow the Committee to fully evaluate the sale process to ensure that it is designed to foster competitive bidding and thereby maximize value for the Debtors' estates and creditors.

## BACKGROUND

5. On April 1, 2011 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On the Petition Date, the Debtors filed the Sale Motion. The Debtors also filed a motion to shorten the time for a hearing on the Bidding Procedures and other relief requested in the Sale Motion (the "Motion to Shorten Time") (Docket No. 18).

8. On April 5, 2011, the Court granted the Motion to Shorten Time and entered an order, *inter alia*, scheduling the Bidding Procedures Hearing for April 15, 2011 at 12:00 p.m. and establishing April 13, 2011 at 4:00 p.m. as the deadline for parties in interest to file written objections to the Bidding Procedures.[3]

9. On April 11, 2011, the Office of the United States Trustee appointed the Committee.[4] Late in the afternoon on April 11, 2011, the Committee selected Kelley Drye & Warren LLP as its counsel. Late in the afternoon on April 12, 2011, the Committee selected Macquarie Capital Advisors as its financial advisors.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(N) and (O). Venue of this proceedings and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3] The Debtors and Whippoorwill have agreed to extend the Committee's deadline to object to the Bidding Procedures until April 15, 2011 at 9:00 a.m.

[4] The Committee consists of the following members: (i) Wells Fargo Bank, National Association, as indenture trustee; (ii) Silverback Asset Management LLC; (iii) David Greenhouse; (iv) FineFoodandWineCruise.com; and (v) Sysco New Orleans LLC.

## RELIEF REQUESTED

11. As discussed above, the Committee requires a reasonable opportunity to evaluate the Bidding Procedures to ensure that the sale process is fair and designed to maximize value. See In re Dura Automotive Sys., Inc., No. 06-11202 (KJC), 2007 Bankr. LEXIS 2764, *253 (Bankr. D. Del. Aug. 15, 2007) (recognizing that, "the paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate"). The Committee, therefore, seeks an order adjourning the Bidding Procedures Hearing from April 15, 2011 at 12:00 p.m. until April 26, 2011 at 2:00 p.m..

12. The need for meaningful Committee oversight is especially critical here where the Bidding Procedures contemplate a sale to an insider in the first forty (40) days of these cases. See, e.g. In re Exaeris, Inc., 380 B.R 741, 744 (Bankr. D. Del. 2008) (disapproving expedited sale to an insider DIP lender where (i) the "emergency" nature of the motion was driven by the purchaser's insistence on closing in less than one month, (ii) there was insufficient evidence regarding the extent of marketing efforts; and (iii) questions regarding adequacy of the insider's proposed purchase price); In re Univ. Heights Ass'n, 2007 Bankr. LEXIS 1200, at *13 (Bankr. N.D.N.Y. Jan. 22, 2007) (recognizing that insider transactions require heightened scrutiny); In re Medical Software Solutions, 286 B.R. 431, 445 (Bankr. D. Utah 2002) (stating, "when a pre-confirmation [section] 363(b) sale is of all, or substantially all, of the Debtor's property, and is proposed during the beginning stages of the case, the sale transaction should be 'closely scrutinized, and the proponent bears a heightened burden of proving the elements necessary for authorization'").

13. Accordingly, the Bidding Procedures Hearing should be adjourned to allow the Committee's to exercise its fiduciary duties and ensure that whatever sales process the Debtors pursue is open, fair, and designed to maximize value.

## NOTICE

14. Notice of the Motion has been provided to: (1) the Debtors; (2) the United States Trustee for the District of Delaware; (3) counsel to Whippoorwill; and (4) all other parties in interest who have requested notice pursuant to Bankruptcy Rule 2002. The Committee respectfully submits that such notice is good and sufficient under the circumstances, and that no other or further notice is required.

## CONCLUSION

Wherefore, for the reasons above, the Committee respectfully requests that the Court enter an order adjourning the Bidding Procedures Hearing until April 26, 2011 at 2:00 p.m.

Dated: April 13, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By: _____
Bradford J. Sandler (Bar No. 4142)
Michael R. Seidl (Bar No. 3889)
Peter J. Keane (Bar No. 5503)
919 North Market Street, 17th Floor
Wilmington, DE 19801


KELLEY DRYE & WARREN LLP

James S. Carr
Craig A. Wolfe
Kristin S. Elliott
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

Proposed Counsel to the Official Committee
of Unsecured Creditors