**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMBASSADORS INTERNATIONAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-11002 (KG)<br>Jointly Administered<br><br>Hearing Date: April 15, 2011 at 12:00 p.m. (ET)<br>Objection Deadline: April 15, 2011 at 12:00 p.m. (ET)<br><br>Re: Docket Nos. 17 and 82 |

**SUPPLEMENT TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER ADJOURNING THE HEARING ON THE DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING BIDDING PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; AND OBJECTION TO BIDDING PROCEDURES MOTION**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively the "Debtors"), hereby submits this supplement (this "Supplement") to the *Motion of the Official Committee of Unsecured Creditors for an Order Adjourning the Hearing on the Debtors' Motion for Entry of an Order Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets Free and Clear of all Liens, Claims and Encumbrances* (the "Motion to Adjourn") [Docket No. 82], filed yesterday, by which the Committee seeks to adjourn the hearing on the *Motion of the Debtors for Entry of Orders (I) Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets Free and Clear of All Liens, Claims and Encumbrances; (II) Approving the Form and Manner of Notice of the Sale and Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Scheduling*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ambassadors International, Inc. (8605); Ambassadors Cruise Group, LLC (2448); Ambassadors, LLC (0860); EN Boat LLC (8982); AQ Boat, LLC (5018); MQ Boat, LLC (5095); DQ Boat, LLC (5064); QW Boat Company LLC (0658); Contessa Boat, LLC (9452); CQ Boat, LLC (9511); American West Steamboat Company LLC (0656); and Ambassadors International Cruise Group (USA), LLC (7304). The mailing address for each Debtor is 2101 4th Avenue, Suite 210, Seattle, WA 98121.

*an Auction and Sale Hearing; (IV) Approving Such Sale; and (V) Dismissing the Chapter 11 Bankruptcy Case of Ambassadors International Cruise Group (USA), LLC* (the "Bid Procedures Motion") [Docket No. 17].  As and for this Supplement, in further support of the Motion to Adjourn, and as and for its objection to the Bid Procedures Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1.  Just four days after the Committee was appointed, the Debtors will seek, among other relief, the Court's approval of bidding procedures to sell substantially all of the assets of eleven[2] Debtors through an auction process expressly designed to funnel the Debtors' assets to Whippoorwill Associates, Inc. (collectively with its affiliates, "Whippoorwill"), an insider of the Debtors, while simultaneously granting Whippoorwill broad *de facto* releases and stripping the Debtors' estates of any potential value with which to pay a dividend to creditors.  In essence, this expedited "sale" process is no more than a recapitalization for the sole benefit of Whippoorwill, which would take the Debtors' assets free and clear of any liens and claims—including potentially valuable estate claims and causes of action against Whippoorwill itself.

2.  Given the narrow two-day window between the formation of the Committee and the objection deadline for the Bid Procedures Motion, the Committee has not had an opportunity to conduct a thorough review of the Debtors' efforts to market their assets.  Rather, under these extenuating circumstances, the Committee's review has been limited to the information contained in the Bid Procedures Motion, the proposed order granting the Bid Procedures Motion annexed to the Bid Procedures Motion as Exhibit A (the "Proposed Bid Procedures Order"), the Bidding

---

[2] The eleven Debtors seeking authority to sell their assets are Ambassadors International, Inc.; Ambassadors Cruise Group, LLC; Ambassadors, LLC; EN Boat LLC; AQ Boat, LLC; MQ Boat, LLC; DQ Boat, LLC; QW Boat Company LLC; Contessa Boat, LLC; CQ Boat, LLC; and American West Steamboat Company LLC (collectively the "Sellers").  Through the Bid Procedures Motion, the Debtors also seek to dismiss the chapter 11 bankruptcy case of the non-Seller Debtor, Ambassadors International Cruise Group (USA), LLC.

2

Procedures annexed to the Proposed Bid Procedures Order as Exhibit 1 (the "Bid Procedures"), the proposed order approving the sale annexed to the Bid Procedures Motion as Exhibit B (the "Proposed Sale Order"), the form of asset purchase agreement annexed to the Proposed Sale Order as Exhibit 1, and the *Declaration of Christopher Shepard in Further Support of a Sale of Substantially All Assets of Certain of the Debtors and Related Debtor-in-Possession Financing* (the "Shepard Declaration") [Docket No. 19]. The Committee's proposed financial advisors, Macquarie Capital, have also recently been given access to the Debtors' electronic data room and are in the early stages of their efforts to gather and digest information. Based upon the Committee's limited review to date, this Supplement presents a summary of the issues with the Bid Procedures Motion that the Committee views as objectionable, and which the Committee will address at the hearing on the Bid Procedures Motion.

## SUMMARY OF OBJECTIONS

3. Below is a table summarizing the provisions of the Bid Procedures Motion, the Proposed Bid Procedures Order, the Proposed Sale Order, and the Stalking Horse APA to which the Committee objects:

| ISSUE | DESCRIPTION | LOCATION |
|---|---|---|
| **Bidder and Bid Qualifications** | The Debtors' decision to qualify a particular bidder and grant due diligence access must be subject to consultation with the Committee. | Bid Procedures Motion ¶ 13(b), (c) Bid Procedures § II, III, IV |

| ISSUE | DESCRIPTION | LOCATION |
|---|---|---|
| **Credit Bidding** | As an insider of the Debtors, Whippoorwill should not be permitted to credit bid its purported secured claims unless and until the extent, validity, and priority of such claims is established.<br><br>Any credit bid by or on behalf of Whippoorwill should be subject to the outcome of the Committee's investigation of Whippoorwill's alleged prepetition liens and claims.<br><br>Further, the Proposed Bid Procedures Order and the Proposed Sale Order must specify that a permitted credit bid does not constitute a finding as to the extent, validity, priority, or perfection of Whippoorwill's alleged prepetition liens and claims or prejudice the Committee's investigation rights with respect thereto. | Bid Procedures Motion ¶¶ 44-47<br>Bid Procedures § VI(b)<br>Proposed Bid Procedures Order ¶ 14 |
| **Stalking Horse Protections** | Because it is an insider of the Debtors, and because any alternate winning bidder would be required to repay the first-lien prepetition obligations and DIP obligations in cash, Whippoorwill is not entitled to expense reimbursement in the event it is outbid at the auction. | Bid Procedures § X<br>Proposed Bid Procedures Order ¶¶ H, I, 3, 14 |
| **Auction Decisionmaking** | Any decisions by the Debtors regarding the relative merits of bids must be made in consultation with the Committee. | Bid Procedures § VI |
| **Auction Attendance** | Committee members and professionals must be permitted to attend the auction. | Bid Procedures § VII |
| **Stalking Horse APA Modifications** | Any modifications to the Stalking Horse APA must be considered by the Debtors in consultation with the Committee. | Bid Procedures § I |
| **Back-Up Bidder** | The Bid Procedures require the second-highest bidder to agree to serve as Back-Up bidder if the successful bidder does not close the Sale. Whippoorwill, as the prime beneficiary of the Sale, should be subject to the same requirement if it is ultimately outbid. | Proposed Bid Procedures Order ¶ 8 |

| ISSUE | DESCRIPTION | LOCATION |
|---|---|---|
| **Timing** | The Bid Procedures provide for a very short sale timeline: 15 days to entry of the Proposed Bid Procedures Order and 40 days to entry of the Proposed Sale Order. This short timing (i) precludes a fulsome marketing process, (ii) potentially jeopardizes the Committee's investigation rights, and (iii) deprives potential bidders of a meaningful opportunity to conduct due diligence, particularly in light of numerous intervening religious holidays.<br><br>There is no legitimate reason for such a short timeframe. The Debtors' assets are not depreciating rapidly, and the projected cash burn in the DIP budget is based on overly conservative assumptions. Moreover, no matter what schedule is ultimately set by the Court, the Debtors, Imperial, and Whippoorwill must consent to expedited discovery, including depositions and document production. | Bid Procedures Motion ¶ 11 |
| **Post-Sale Solvency** | The portion of the sale proceeds, $250,000, may not be sufficient to leave the Debtors' estates administratively solvent after the sale closes. The Debtors must submit a proposed post-sale wind-down budget to support this figure. Moreover, the Debtors must disclose whether they intend to consummate a chapter 11 plan once the Sale is closed. | Bid Procedures Motion ¶ 14(c)<br>Stalking Horse APA ¶ 1.2(i) |
| **Good Faith / 363(m) Finding** | A finding that Whippoorwill is a good faith, arm's-length purchaser entitled to the benefits of § 363(m) is inappropriate at this time, before the Committee has had any opportunity to investigate its prepetition liens, claims, and conduct. | Bid Procedures Motion ¶¶ 34-35<br>Stalking Horse APA ¶ 7.2<br>Proposed Sale Order ¶¶ K, 35 |
| **Closing** | The 45-day period (from the petition date) for a non-Whippoorwill winning bidder to close the Sale is far too short. | Bid Procedures § IX |

| ISSUE | DESCRIPTION | LOCATION |
|---|---|---|
| **Avoidance Actions and *De Facto* Releases** | Claims and causes of action of the Debtors' estates arising under chapter 5 of the Bankruptcy Code should not be included in the Purchased Assets, as permitting Whippoorwill—an insider—to purchase claims and causes of action against itself constitutes a *de facto* release of a non-Debtor entity. | Stalking Horse APA ¶ 1.1(o), (p) Bid Procedures Motion ¶ B.14(b) |
| **Successor Liability** | Any finding or decree that Whippoorwill (or any other purchaser) is not subject to successor liability is inappropriate. | Proposed Sale Order § 21 |

## **RESERVATION OF RIGHTS**

4. The Committee reserves the right to object to any provisions of the Bid Procedures Motion, any exhibits thereto, and the Sale at or before the hearing on the Bid Procedures Motion, on any grounds whatsoever, including grounds not raised in this Supplement.

Dated: April 14, 2011

Respectfully Submitted,

**BIFFERATO GENTILOTTI LLC**
By: */s/ Garvan F. McDaniel*
Garvan F. McDaniel (Bar No. 4167)
800 North King Street, Plaza Level
Wilmington, Delaware 19801
Telephone: (302) 429-1900
Facsimile: (302) 429-8600

-and-

**LOWENSTEIN SANDLER P.C.**
Kenneth A. Rosen, Esq.
John K. Sherwood, Esq.
Wojciech F. Jung, Esq.
Andrew Behlmann, Esq.
65 Livingston Avenue
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
*Proposed Co-Counsel to the Committee*