# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMBASSADORS INTERNATIONAL, INC., et al.,[1] | Case No. 11-11002 (KG) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 17 |

## ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (II) APPROVING THE FORM AND MANNER OF NOTICE OF THE SALE AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (III) AUTHORIZING CERTAIN OF THE DEBTORS TO EXECUTE AN ASSET PURCHASE AGREEMENT; AND (IV) SCHEDULING AN AUCTION AND SALE HEARING

Upon consideration of the Motion (the "Sale Motion")[2] of the Debtors, pursuant to sections 105, 363, 365, 503 and 1112(b) of the Bankruptcy Code, Bankruptcy Rules 1017(a), 2002, 6004, 9007 and 9014 and Local Rules 2002-1 and 6004-1, for entry of: (i) an order (the "Bidding Procedures Order") (a) approving proposed bidding procedures (the "Bidding Procedures") in connection with the Sale of the Acquired Assets as more fully described in the Stalking Horse Agreement by and among the Sellers and the Stalking Horse Bidder; (b) authorizing the Sellers' execution of the Stalking Horse Agreement; (c) scheduling the Auction and the Sale Hearing; and (d) approving the form and manner of notice of the Auction,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ambassadors International, Inc. (8605); Ambassadors Cruise Group, LLC (2448); Ambassadors, LLC (0860); EN Boat LLC (8982); AQ Boat, LLC (5018); MQ Boat, LLC (5095); DQ Boat, LLC (5064); QW Boat Company LLC (0658); Contessa Boat, LLC (9452); CQ Boat, LLC (9511); American West Steamboat Company LLC (0656); and Ambassadors International Cruise Group (USA), LLC (7304). The mailing address for each Debtor is 2101 4th Avenue, Suite 210, Seattle, WA 98121.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the *Motion of the Debtors for Entry of Orders (I) Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets Free and Clear of All Liens, Claims and Encumbrances; (II) Approving the Form and Manner of Notice of the Sale and Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Scheduling an Auction and Sale Hearing; (IV) Approving Such Sale and (V)Dismissing the Chapter 11 Bankruptcy Case of Ambassadors International Cruise Group (USA) LLC* [Docket No. 17].

including the form and manner of service of the Auction Notice attached hereto as <u>Exhibit 2</u> and the proposed Assumption and Assignment Notice in the form attached hereto as <u>Exhibit 3</u>; and (ii) an order (a) approving the Sale of the Acquired Assets free and clear of all liens, claims and encumbrances to the Stalking Horse Bidder or such other party that is the Successful Bidder (as defined in the Bidding Procedures) at the Auction; and (b) dismissing the Chapter 11 Case of Cruise Group; and the Court having conducted a hearing to consider the relief requested in the Sale Motion (the "<u>Bidding Procedures Hearing</u>"); and the Court having jurisdiction to consider the Bidding Procedures, the approval of the execution by the Sellers of the Stalking Horse Agreement and the related relief requested in the Sale Motion in accordance with 28 U.S.C. §§ 157(b)(2) and 1334; and consideration of the Bidding Procedures and the related relief requested in the Sale Motion, and the responses thereto being a core proceeding in accordance with 28 U.S.C. § 157(b); and the appearance of all interested parties and all responses and objections, if any, to the Bidding Procedures and the related relief requested in the Sale Motion having been duly noted in the record of the Bidding Procedures Hearing; and upon the record of the Bidding Procedures Hearing, and all other pleadings and proceedings in this case, including the Sale Motion, the Detillion Declaration, the Shepard Declaration and the Declaration of Hans Birkholz in Further Support of Motion of Debtors for Entry of an Order Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets Free and Clear of All Liens, Claims and Encumbrances; and it appearing that the Bidding Procedures and the other scheduling relief requested in the Sale Motion is in the best interests of the Sellers, their estates, their creditors and all other parties in interest; and after due deliberation and sufficient cause appearing therefor;

## IT IS HEREBY FOUND, DETERMINED, AND CONCLUDED THAT:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a) with respect to the Bidding Procedures, the Auction Notice and the Assumption and Assignment Notice and the approval of the Sellers' entry into the Stalking Horse Agreement.

D. Good and sufficient notice of the Bidding Procedures and the other related relief sought in the Sale Motion has been given to all interested persons and entities, including, without limitation, (i) the Office of the United States Trustee for the District of Delaware; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (vi) counsel to the administrative agent for the Debtors' prepetition lenders; (vii) counsel to the administrative agent for the proposed post-petition lenders; (viii) counsel to the indenture trustee for the Debtors' prepetition secured noteholders; (ix) the indenture trustee for the Debtors' prepetition unsecured noteholders; (x) counsel to the Debtors' controlling shareholder(s); (xi) counsel to the Stalking Horse Bidder; (xii) all potential Assigned Contract counterparties; (xiii) all parties known or reasonably

believed to have expressed an interest in the Acquired Assets; (xiv) the United States Coast Guard; (xv) all parties who are known to possess or assert a secured claim against the Acquired Assets; (xvi) the relevant taxing authorities having jurisdiction over any of the Acquired Assets; and (xvii) counsel to the Committee (as defined herein).

E. The Sellers have articulated good and sufficient reasons for, and the best interests of the Sellers will be served by, this Court granting the preliminary relief requested in the Sale Motion, including approval of (i) the Bidding Procedures, attached hereto as <u>Exhibit 1</u>; (ii) the Auction Notice attached hereto as <u>Exhibit 2</u>; (iii) the Assumption and Assignment Notice attached hereto as <u>Exhibit 3</u>; and (iv) the Sellers' execution of the Stalking Horse Agreement.

F. The proposed notice of the sale of the Acquired Assets and the Bidding Procedures, as set forth in the Sale Motion is reasonably calculated to provide all interested parties with timely and proper notice of the Sale and the Bidding Procedures, and no other or further notice is required for the Sale of the Acquired Assets to the Stalking Horse Bidder (or the Successful Bidder, as applicable), and the assumption and assignment of the Assigned Contracts as contemplated in the Bidding Procedures, as set forth herein and in the Sale Motion.

G. The Sellers have articulated good and sufficient reasons for, and the best interests of the Sellers' estates will be served by, this Court (i) authorizing the Sellers' execution of the Stalking Horse Agreement following the Petition Date but prior to the Auction, and (ii) scheduling an Auction and considering approval of the Sale and the transfer of the Acquired Assets to the Stalking Horse Bidder (or the Successful Bidder, as applicable), free and clear of all liens, claims and encumbrances (other than Permitted Encumbrances) pursuant to section 363 of the Bankruptcy Code.

**NOW THEREFOR, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Sale Motion is GRANTED to the extent set forth herein and with respect to the relief requested in relation to the Bidding Procedures and other related relief in respect of the Sale.

2. The Bidding Procedures are hereby approved, are incorporated herein by reference, and shall govern all Bids and Bid proceedings relating to the Acquired Assets. The Sellers are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

3. The deadline for submitting a Qualified Bid (as such term is defined in the Bidding Procedures) shall be **May 13, 2011 at 12:00 p.m. (noon) (prevailing Eastern Time)** (the "Bid Deadline").

4. To the extent at least one Qualified Bid, other than the Stalking Horse Bidder's bid, is timely received, the Sellers shall conduct the Auction on **May 16, 2011 at 10:00 a.m. (prevailing Eastern Time)** at the offices of the Sellers' proposed co-counsel, Stroock & Stroock & Lavan, LLP, 180 Maiden Lane, New York, New York 10038. Only the Stalking Horse Bidder and any other Qualified Bidder will be permitted to participate in the Auction. The Auction will be transcribed or videotaped.

5. Prior to the Auction the Sellers are authorized to execute the Stalking Horse Agreement.

6. At the Auction, when only one Qualified Bidder remains and the Sellers have selected that Qualified Bidder's Bid as the Highest and Best Bid (as described in the Bidding Procedures), the Auction will conclude. As soon as reasonably practicable following the

conclusion of the Auction, the Sellers shall file a notice identifying the Successful Bidder and will serve such notice on the counterparties to the Assigned Contracts via facsimile or email (if available), or otherwise via FedEx (but only if facsimile or email are not available).

7. The Stalking Horse Agreement is a Qualified Bid, and the Stalking Horse Bidder is a Qualified Bidder, for all purposes and requirements pursuant to the Bidding Procedures, notwithstanding the requirements that Potential Bidders must satisfy to be a Qualified Bidder.

8. If the Sellers do not receive any Qualified Bids other than the Stalking Horse Agreement, the Sellers will not hold the Auction, and the Stalking Horse Agreement will be the Successful Bid and the Stalking Horse Bidder will be named the Successful Bidder.

9. All bidders submitting a Qualified Bid are deemed to have submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Auction and the terms and conditions of the transfer of the Acquired Assets.

10. The Court will consider approval of the Sale to the Successful Bidder at the Sale Hearing on **May 18, 2011 at 10:00 a.m. (prevailing Eastern Time)**.

11. Any party seeking to (i) object to the validity of the Cure Costs as determined by the Sellers or otherwise assert that any other amounts, defaults, conditions or pecuniary losses must be cured or satisfied under any of the Assigned Contracts in order for such contract or lease to be assumed and assigned or (ii) object to the assumption and assignment of any Assigned Contracts on any other basis (including, but not limited to, objections to adequate assurance of future performance), must file a written objection in compliance with the Bankruptcy Rules and the Local Rules (an "Assumption and Assignment Objection") with the Bankruptcy Court setting forth the cure amount the objector asserts to be due, and the specific types and dates of the alleged defaults, pecuniary losses and conditions to assignment and the support therefor, so that

such objection is filed no later than **4:00 p.m. (prevailing Eastern Time) on May 13, 2011** (the "<u>Assumption and Assignment Objection Deadline</u>"), and such objection shall also be served so the same is actually received on or before the Assumption and Assignment Objection Deadline by (i) proposed co-counsel to the Sellers, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982, Attn: Kristopher M. Hansen, Fax: (212) 806-6006, E-mail: khansen@stroock.com; (ii) proposed co-counsel to the Sellers, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Daniel J. DeFranceschi, Fax: (302) 498-7816, E-mail: defranceschi@rlf.com; (iii) proposed financial advisor to the Sellers, Imperial Capital, LLC, 2000 Avenue of the Stars, 9th Floor, South Tower, Los Angeles, California 90067, Attn: Chris Shepard, Fax: (310) 777-3052, Email: cshepard@imperialcapital.com; (iv) proposed co-counsel for the official committee of unsecured creditors appointed in these Chapter 11 Cases (the "<u>Committee</u>"), Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068, Attn: John K. Sherwood, Fax: (973) 597-2539, E-mail: jsherwood@lowenstein.com; (v) proposed co-counsel for the Committee, Bifferato Gentilotti LLC, 800 North King Street, Plaza Level, Wilmington, Delaware 19801, Attn: Garvan F. McDaniel, Fax: (302) 429-8600, E-mail: gmcdaniel@bglawde.com; (vi) proposed financial advisor to the Committee, Macquarie Capital (USA) Inc., 125 W. 55th Street, New York, New York 10019, Attn: Ed Albert, Fax: (212) 231-1717, E-mail: ed.albert@macquarie.com; (vii) counsel to Whippoorwill, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn: Matt Williams, Fax: (212) 351-5232, Email: mjwilliams@gibsondunn.com; and (viii) counsel to the Stalking Horse Bidder (collectively, the "<u>Notice Parties</u>")

12. Objections to approval of the Sale, including the sale of the Acquired Assets free and clear of liens, claims and encumbrances (other than Permitted Encumbrances) must be in writing, state the basis of such objection with specificity and be filed with this Court in compliance with the Bankruptcy Rules and the Local Rules and served so as to be received by the Notice Parties on or before **12:00 p.m. (noon) (prevailing Eastern Time) on May 17, 2011.**

13. The Sale of the Acquired Assets is consistent with section 363(b)(1)(A) of the Bankruptcy Code and, as the Sale does not violate the Sellers' privacy policy, no consumer privacy ombudsman is necessary in connection with the Sale.

14. Wilmington Trust FSB (the "Indenture Trustee"), solely in its capacity as Indenture Trustee under the Senior Secured Notes, and/or Law Debenture Trust Company of New York, in its capacity as Agent under the Prepetition Working Capital Facility, may submit a Credit Bid (as defined in the Bidding Procedures) on behalf of the Stalking Horse Bidder for the ratable benefit of the holders of the Senior Secured Notes and/or on behalf of the lenders under the Prepetition Working Capital Facility, respectively.[3]

15. The Auction Notice and the Assumption and Assignment Notice, substantially in the form attached hereto as Exhibit 2 and Exhibit 3, respectively, are good and sufficient for all purposes. Within two (2) business days of the entry of this Order, the Sellers will serve the Auction Notice on all parties provided with the notice of the Sale Motion, all parties identified by the Sellers as potentially interested purchasers and all parties on the Sellers' consolidated list of creditors. The Sellers will, on or before May 3, 2011, serve the Assumption and Assignment Notice on all non-debtor parties to the Assigned Contracts potentially to be assumed and assigned in connection with the Sale. No other or further notice shall be required. No finding or

---

[3] Any Credit Bid made by or on behalf of the Stalking Horse Bidder shall be subject to the Committee's right to challenge such Credit Bid on any grounds at or prior to the Sale Hearing.

ruling is made in this Bidding Procedures Order as to the adequacy of any proposed Sale, it being intended that such approval will be sought at the Sale Hearing.

16. All Potential Bidders at the Auction shall be deemed to have consented to the core jurisdiction of this Court and waived any right to jury trial in connection with any disputes relating to the Auction, the sale of the Acquired Assets and the construction and enforcement of the Stalking Horse Agreement.

17. Each Qualified Bidder participating at the Auction, including the Stalking Horse Bidder, will be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

18. All objections to the Sale are fully preserved. The parties shall confer in good faith with respect to an expedited discovery schedule which enables the Committee to review relevant documents and take depositions prior to the deadline for objections to approval of the Sale.

19. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated: April 19 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE