# **EXHIBIT 3**

**Form of Assumption and Assignment Notice**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMBASSADORS INTERNATIONAL, INC., et al.,[1] | Case No. 11-11002 (KG) |
| Debtors. | (Jointly Administered) |

## NOTICE OF (I) CERTAIN DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED TO THEIR BUSINESSES AND (II) CURE COSTS

**PLEASE TAKE NOTICE** that, Ambassadors International, Inc., Ambassadors Cruise Group, LLC, Ambassadors, LLC, EN Boat LLC, AQ Boat, LLC, MQ Boat, LLC, DQ Boat, LLC, QW Boat Company LLC, Contessa Boat, LLC, CQ Boat, LLC and American West Steamboat Company LLC (collectively, the "Sellers") have requested that the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), approve an order (the "Bidding Procedures Order") authorizing the Debtors to conduct an auction to sell (the "Sale") substantially all of the assets of the Sellers (the "Acquired Assets") to the highest and best qualified bidder (the "Successful Bidder"). A hearing (the "Sale Hearing") will be scheduled by the Bankruptcy Court to consider (i) the sale of the Acquired Assets to the Successful Bidder free and clear of liens, claims and encumbrances (except for certain assumed liabilities and permitted encumbrances as more particularly detailed in the Asset Purchase Agreement between the Sellers and a designee of Whippoorwill Associates, Inc. ("Whippoorwill"), to be created prior to consummation of the Sale (defined below) (the "Stalking Horse Bidder"), and, (ii) the assumption and assignment of certain of the Sellers' executory contracts and unexpired leases in connection with the Sale. At the Sale Hearing, the Sellers will ask that the Bankruptcy Court enter an order (the "Sale Order") approving the Sale.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the proposed Sale Order, the Sellers may assume and assign to the Successful Bidder those executory contracts and unexpired leases listed on **Schedule A** attached hereto (collectively, the "Assigned Contracts"), pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code"). For the purposes of this paragraph, the "Successful Bidder" shall be read to potentially include Potential Bidders (as defined in the Bidding Procedures Order).

**PLEASE TAKE FURTHER NOTICE** that the Sellers have indicated on **Schedule A** attached hereto (the "Cure Schedule") the cure amounts that the Sellers believe must

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ambassadors International, Inc. (8605); Ambassadors Cruise Group, LLC (2448); Ambassadors, LLC (0860); EN Boat LLC (8982); AQ Boat, LLC (5018); MQ Boat, LLC (5095); DQ Boat, LLC (5064); QW Boat Company LLC (0658); Contessa Boat, LLC (9452); CQ Boat, LLC (9511); American West Steamboat Company LLC (0656); and Ambassadors International Cruise Group (USA), LLC (7304). The mailing address for each Debtor is 2101 4th Avenue, Suite 210, Seattle, WA 98121.

be paid to cure all prepetition defaults under the Assigned Contracts as of May 3, 2011 (in each instance, the "Cure Costs").

**PLEASE TAKE FURTHER NOTICE** that any party seeking to (i) object to the validity of the Cure Costs as determined by the Sellers or otherwise assert that any other amounts, defaults, conditions or pecuniary losses must be cured or satisfied under any of the Assigned Contracts in order for such executory contract or lease to be assumed and assigned or (ii) object to the assumption and assignment of any Assigned Contracts on any other basis (including, but not limited to, objections to adequate assurance of future performance by the Successful Bidder), must file a written objection (an "Assumption and Assignment Objection") with the Bankruptcy Court setting forth the cure amount the objector asserts to be due, and the specific types and dates of the alleged defaults, pecuniary losses and conditions to assignment and the support therefor, so that such objection is filed no later than **4:00 p.m. (prevailing Eastern Time) on May 13, 2011** (the "Assumption and Assignment Objection Deadline"), and such objection shall also be served so the same is actually received on or before the Assumption and Assignment Objection Deadline by (i) co-counsel to the Sellers, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982, Attn: Kristopher M. Hansen, Fax: (212) 806-6006, E-mail: khansen@stroock.com; (ii) co-counsel to the Sellers, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Daniel J. DeFranceschi, Fax: (302) 498-7816, E-mail: defranceschi@rlf.com; (iii) financial advisor to the Sellers, Imperial Capital, LLC, 2000 Avenue of the Stars, 9th Floor, South Tower, Los Angeles, California 90067, Attn: Chris Shepard, Fax: (310) 777-3052, Email: cshepard@imperialcapital.com; (iv) proposed co-counsel for the official committee of unsecured creditors appointed in these Chapter 11 Cases (the "Committee"), Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068, Attn: John K. Sherwood, Fax: (973) 597-2539, E-mail: jsherwood@lowenstein.com; (v) proposed co-counsel for the Committee, Bifferato Gentilotti LLC, 800 North King Street, Plaza Level, Wilmington, Delaware 19801, Attn: Garvan F. McDaniel, Fax: (302) 429-8600, E-mail: gmcdaniel@bglawde.com; (vi) proposed financial advisor to the Committee, Macquarie Capital (USA) Inc., 125 W. 55th Street, New York, New York 10019, Attn: Ed Albert, Fax: (212) 231-1717, E-mail: ed.albert@macquarie.com; (vii) counsel to Whippoorwill, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn: Matt Williams, Fax: (212) 351-5232, Email: mjwilliams@gibsondunn.com; and (viii) counsel to the Stalking Horse Bidder (collectively, the "Notice Parties"); provided, however, that in the event the Auction results in a Successful Bidder other than the Stalking Horse Bidder (as defined in the Bidding Procedures Order), the Debtors shall file a notice identifying such Successful Bidder with the Court and serve such notice upon each party identified in the Cure Schedule, and the deadline for objecting to the assignment of the Assigned Contract to such Successful Bidder on the basis of adequate assurance of future performance shall be the commencement of the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that unless an Assumption and Assignment Objection is filed and served before the Assumption and Assignment Objection Deadline, all parties shall (i) be forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts with respect to the Assigned Contracts, and the Sellers and the Successful Bidder shall be entitled to rely solely upon the Cure Costs; (ii) be deemed to have consented to the assumption and assignment of the Assigned Contracts, and

(iii) be forever barred and estopped from asserting or claiming against the Sellers or the Successful Bidder that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assigned Contracts or that there is any objection or defense to the assumption and assignment of such Assigned Contracts.

**PLEASE TAKE FURTHER NOTICE** that hearings with respect to the Assumption and Assignment Objections may be held (i) at the Sale Hearing, or (ii) on such other date as the Bankruptcy Court may designate upon motion by the Successful Bidder and the Sellers. Where a non-Debtor counterparty to an Assigned Contract files an objection asserting a cure amount higher than the proposed Cure Costs (the "Disputed Cure Costs"), then (i) to the extent that the parties are able to consensually resolve the Disputed Cure Costs prior to the Sale Hearing, the Sellers shall promptly provide the Committee and the Successful Bidder notice and opportunity to object to such proposed resolution or (ii) to the extent the parties are unable to consensually resolve the dispute prior to the Sale Hearing, then the amount to be paid under section 365 of the Bankruptcy Code with respect to such Disputed Cure Costs will be determined at the Sale Hearing or at such other date and time as may be fixed by this Court.

**PLEASE TAKE FURTHER NOTICE** that if you agree with the Cure Costs indicated on **Schedule A** and otherwise do not object to the Sellers' assignment and assumption of your executory contract or unexpired lease, you need not take any further action.

**PLEASE TAKE FURTHER NOTICE** that the Sellers' decision to assume and assign the Assigned Contracts is subject to Bankruptcy Court approval and the consummation of the Sale of the Acquired Assets. Accordingly, the Sellers shall be deemed to have assumed and assigned each of the Assigned Contracts as of the date of, and effective only upon, the closing of the Sale of the Acquired Assets, and absent such closing, each of the Assigned Contracts shall neither be deemed assumed nor assigned and shall in all respects be subject to further administration under the Bankruptcy Code. Inclusion of any document on the list of Assigned Contracts shall not constitute or be deemed to be a determination or admission by the Sellers or the Successful Bidder that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, all rights with respect thereto being expressly reserved. For the purposes of this paragraph, "Successful Bidder" shall be read to potentially include Potential Bidders.

Dated: Wilmington, Delaware
      May __, 2011

Respectfully submitted,

RICHARDS, LAYTON & FINGER, P.A.

_____
Daniel J. DeFranceschi (No. 2732)
L. Katherine Good (No. 5101)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

STROOCK & STROOCK & LAVAN LLP
Kristopher M. Hansen
Sayan Bhattacharyya
Marianne Mortimer
Matthew G. Garofalo
180 Maiden Lane
New York, New York 10038-4982
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

Proposed Counsel to the Debtors
and Debtors-in-Possession